# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**AHRON WILLIAMS,**

      **Plaintiff,**

    **v.**
                           **Civil Action 1:22-cv-507**
                                  **Judge Michael R. Barrett**
                                  **Magistrate Judge Chelsey M. Vascura**

**WARDEN RON ERDOS,** *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Ahron Williams, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against several officials of the Southern Ohio Correctional Facility ("SOCF"), alleging that he was temporarily denied adequate bedding in and faced retaliation from prison staff for filing related grievances. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $32.80 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A751219) at SOCF is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and

2

the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.      STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

\* \* \*

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

3

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff's Complaint alleges that on May 1, 2022, Defendant Corrections Officer Kenyon and another officer searched Plaintiff's cell, determined that Plaintiff had more bedding than was permitted, and removed the excess bedding from Plaintiff's cell. Plaintiff was left with "bedding that was only as thick as 3 of these lines on this paper," which the undersigned estimates as a thickness of one inch. (Compl. ECF No. 1-1, PAGEID #12.) Plaintiff alleges he was without additional bedding for 18 days and that he suffered exacerbation of an existing back injury as a result. (Appeal to the Chief Inspector, ECF No. 1-1, PAGEID #18.) After Plaintiff filed several grievances regarding his inadequate bedding, Plaintiff alleges he faced retaliation from prison staff in the form of being denied a shower on one occasion and being placed in segregated housing for an unspecified amount of time. (Compl., ECF No. 1-1, PAGEID #12; Informal Compl. Resolution, ECF No. 1-1, PAGEID #37.)

The undersigned construes Plaintiff's Complaint to advance claims under 42 U.S.C. § 1983 for unlawful conditions of confinement in violation of the Eighth Amendment and retaliation for exercising his right to file grievances in violation of the First Amendment. The undersigned considers each claim in turn.

## A.     Conditions of Confinement

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994) (cleaned up). *See also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*,

5

489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Such claims under the Eighth Amendment require the plaintiff "to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation." *Helling*, 509 U.S. at 35. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.*; *see also Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted).

To satisfy the subjective component, "an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> [T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

> aware of facts from which the inference could be drawn that a substantial risk of
> serious harm exists, and he must also draw the inference.

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citations and internal quotation marks omitted)).

Here, Plaintiff's allegations satisfy neither the objective nor subjective component. Sleeping on a one-inch thick mattress for 18 days does not rise to the level of an extreme deprivation. *See*, *e.g.*, *Grissom v. Davis*, 55 F. App'x 756, 757–58 (6th Cir. 2003) (despite allegedly resulting "body aches," the plaintiff "neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm."); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment."); *White v. Tennessee*, No. 2:14-CV-118, 2014 WL 3339625, at *9 (E.D. Tenn. July 8, 2014) ("Being given a mattress only one-fourth to one-half inch thick falls far short of being an intolerable condition. It doubtlessly was uncomfortable, but it cannot be described as intolerable.").

Further, although Plaintiff alleges that sleeping on the thin mattress exacerbated an existing back problem that causes him daily pain, the exhibits Plaintiff attaches to his complaint reflect that Defendants were not deliberately indifferent to any risk of serious harm to his health. In fact, Plaintiff saw prison medical staff in connection with his back pain three times between May 3, 2022, and June 1, 2022. Plaintiff was given Mediproxen and warm compresses for his back pain, but no restrictions were placed on his activity. Plaintiff also notes that x-rays were ordered, but he does not disclose the results. (*See* Compl., ECF No. 1-1, PAGEID #12; Disposition of Grievance, ECF No. 1-1, PAGEID #27.) Plaintiff has thus failed to allege that he suffered any risk of serious harm to his health, let alone that Defendants were aware of and

disregarded that risk. *See LaPine v. Moore*, No. 2:22-CV-60, 2022 WL 2914475, at *6 (W.D. Mich. July 25, 2022) (finding no Eighth Amendment violation where plaintiff alleging pain as a result of sleeping on a thin mattress failed to "allege any facts suggesting that any of the named Defendants were aware of these issues and deliberately ignored them"); *Ross v. Davidson Cty. Sheriff's Off.*, No. 3:19-CV-00726, 2019 WL 4573507, at *5 (M.D. Tenn. Sept. 20, 2019) (finding no Eighth Amendment violation where plaintiff experiencing back, neck, and shoulder pain as a result of sleeping on a thin mattress did not allege that defendants acted with deliberate indifference); *LaPine v. Hartzler*, No. 2:20-CV-12787, 2021 WL 120870, at *6 (E.D. Mich. Jan. 13, 2021) (finding no Eighth Amendment violation related to sleeping on an uncomfortable mattress where "the facts alleged fail to show that [the defendants] knew of and disregarded 'an excessive risk' to [the plaintiff's] health").

Accordingly, it is **RECOMMENDED** that Plaintiff's Eighth Amendment conditions-of-confinement claim be **DISMISSED**.

## B.    Retaliation

"Prisoners have a First Amendment right to file grievances and access the courts without suffering retaliation for so doing." *Rodgers v. Hawley*, 14 F. App'x 403, 409–10 (6th Cir. 2001). A retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Here, Plaintiff satisfies the first element because the filing of grievances is protected by the First Amendment. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) ("[A]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf.")

(quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). As to the second element, Plaintiff alleges that Defendants took adverse actions against him when he was denied a shower on a single occasion and placed in segregated housing for an unspecified amount of time. The denial of a shower on a single occasion is not sufficiently adverse to deter a person of ordinary firmness from continuing to file grievances. *See Martinez v. White*, No. 5:13CV-P53-GNS, 2015 WL 1611840, at *3 (W.D. Ky. Apr. 10, 2015) (denial of shower on three occasions not sufficiently adverse to state a retaliation claim); *Taylor v. Tennyson*, No. 2:12-CV-229, 2012 WL 4051704, at *7 (W.D. Mich. Sept. 13, 2012) (denial of shower on one or two occasions not sufficiently adverse to state a retaliation claim). And although placement in segregated housing is sufficiently adverse to satisfy the second element, *see Hill*, 630 F.3d at 474, Plaintiff has provided nothing more than "conclusory allegations of retaliatory motive unsupported by material facts" in connection with the third element. *Id.*, quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (cleaned up). Indeed, the extent of Plaintiff's allegations related to his placement in segregated housing amount to "I was targeted for my hairstyle and sent to the hole" and "I was targeted and sent to the hole for my hairstyle and that was SOCF way of solving the problem." (Compl. 3, 5, ECF No. 1-1.) Even liberally construing Plaintiff's allegations, he has failed to identify who made the decision to place him in segregated housing or allege any facts that would support a retaliatory motive on that individual's part.

Accordingly, it is **RECOMMENDED** that Plaintiff's First Amendment retaliation claim be **DISMISSED**.

## III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is

**RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE